(115 App. Div. 650)

RILEY v. McNULTY et al.

(Supreme Court, Appellate Division, Second Department.   November 16, 1906.)

MASTER AND SERVANT—INJURY TO SERVANT—DEFECTIVE SCAFFOLD—NEGLIGENCE
—COMPLAINT—SUFFICIENCY.

   A complaint in an action for injuries received by an employé in con-
sequence of the fall of a scaffold erected for him to work on, which alleges
that the scaffold was made of unsafe material and was unsafely con-
structed, is sufficient, without pleading Labor Law, Laws 1897, p. 467, c.
415, § 18; forbidding the furnishing of an unsafe scaffold; the liability of
the employer not being created or enlarged by the statute, but it only mak-
ing the negligence of fellow servants in the making of a scaffold the negli-
gence of the master.

   [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Serv-
ant, §§ 816–824.]

Appeal from Municipal Court of New York.

Action by William H. Riley against Patrick H. McNulty and an-
other.   From a judgment of the Municipal Court for plaintiff, defend-
ants appeal.   Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH,
MILLER, and GAYNOR, JJ.

Theodore H. Lord, for appellants.

Frank A. Acer, for respondent.

GAYNOR, J.   The plaintiff was hurt by the fall of a scaffold erect-
ed by the defendant, his employer, for the plaintiff to work on.   Coun-
sel for defendant argues that the complaint was insufficient to enable
the plaintiff to recover for the furnishing of an unsafe scaffold, which
section 18 of the labor law (Laws 1897, p. 467, c. 415) forbids, because
it did not plead the said statute and allege a violation of it.   It was not
necessary to do so.   The complaint alleged that the scaffold was of un-
safe material and also unsafely constructed, and that sufficed.   That the
liability of the employer is created or enlarged by statute does not make
the action a statutory one.   The effect of the statute is to make the
negligence of fellow servants in the making of a scaffold that of the
master, and thus enable the negligence of the master to be proved
by evidence which formerly did not prove it.   It is enough now as
formerly for the complaint to allege the negligence of the master.   The
difference is that evidence which formerly did not prove his negligence
now does.   Harris v. Baltimore Machine & Elevator Co., 112 App
Div. 389, 98 N. Y. Supp. 440.

The judgment should be affirmed.

   Judgment of the Municipal Court affirmed, with costs.   All concur.